## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: COUPEL, ET AL.                    CIVIL ACTION

                                         NO.  16-1075

                                         SECTION: "E"(4)

### ORDER AND REASONS

Before the Court is a motion for recusal and disqualification filed by Larry L. Coupel and Natalie A. Coupel (collectively, "the Coupels"), the appellants and debtors in the above-captioned matter.[1] The Coupels seek the recusal of the undersigned judge pursuant to 28 U.S.C. § 455(a). For the reasons that follow, the motion is **DENIED**.

### BACKGROUND

On February 8, 2016, the Coupels filed two Notices of Appeal and Statements of Election, appealing to the district court two Orders of the United States Bankruptcy Court for the Eastern District of Louisiana.[2] Both appeals were allotted to the undersigned. In sum, the Coupels appeal (1) the Bankruptcy Court's Order denying their motion for contempt for violation of the automatic stay and for damages, costs, and attorney's fees and to void and cancel judgments;[3] and (2) the Bankruptcy Court's Order granting in part and denying in part a motion to determine that the automatic stay does not apply to post-petition acts, filed by Eli Kfoury, the appellee.[4] Apparently, Kfoury's attorney in a related state-court action is Martin Triche, the brother of United States District Court Judge Jane Triche Milazzo, a judge on this Court. According to the Coupels, they "may have" a direct cause of action against Martin Triche under Section 362(k) of the Bankruptcy Code, as

---

[1] No. 16-1075, R. Doc. 5.
[2] *See* No. 16-1070, R. Doc. 1; No. 16-1075, R. Doc. 1.
[3] No. 16-1070, R. Doc. 1.
[4] No. 16-1075, R. Doc. 1.

the Coupels argue Triche willfully and knowingly violated an automatic stay imposed under 11 U.S.C. § 362(a).[5] The Coupels seek to have the undersigned judge recused under 28 U.S.C. § 455(a), arguing that because Martin Triche is the brother of another federal judge in this district, the impartiality of the undersigned "could reasonably be questioned."[6]

## LAW AND ANALYSIS

Title 28, United States Code, Section 455(a) requires the disqualification of a judge in any proceeding in which his or her impartiality might reasonably be questioned.[7] "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[8] Moreover, "the purpose of § 455(a), and the principle of recusal itself, is not just to prevent *actual* partiality, but to avoid the appearance of partiality."[9] In assessing a motion to recuse under section 455(a), the court should be guided "by an independent examination of the facts and circumstances of the particular claim."[10]

In this case, recusal under section 455(a) is not warranted.[11] Section 455(a) requires that a judge be recused "in any proceeding in which his [or her] impartiality

---

[5] No. 16-1075, R. Doc. 5 at 2–3.

[6] No. 16-1075, R. Doc. 5 at 3.

[7] *See* 28 U.S.C. § 455.

[8] *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir. 1995)).

[9] *Republic of Panama v. American Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (quoting *Jordan*, 49 F.3d at 155).

[10] *Id.*

[11] Neither is recusal otherwise warranted under 28 U.S.C. § 144. Section 144 requires the disqualification of a judge when he or she has a personal bias or prejudice against a party. *See* 28 U.S.C. § 144. In pertinent part, section 144 states, specifically, that upon a movant's "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against either him or in favor of any adverse party, the judge shall proceed no further." *Id.* For the affidavit to be sufficient, "[t]he facts must be such that, if true, they would convince a reasonable person that bias exists," and "[t]he facts must show the bias is personal, as opposed to judicial in nature." *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981). The fact that the brother of another judge in this Court is counsel for an opposing party is not evidence of "personal" or "extrajudicial" bias.

might reasonably be questioned."[12] Section 455(a) claims must be analyzed in light of the particular facts at hand. The Court finds that her impartiality could not reasonably be questioned by a well-informed, thoughtful, and objective observer in this case.

## CONCLUSION

Pursuant to 28 U.S.C. § 455(a), the motion to recuse filed by Debtor-Appellants Larry L. Coupel and Natalie A. Coupel is **DENIED**.

**New Orleans, Louisiana, this 2nd day of May, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[12] 28 U.S.C. § 455(a).