## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: COUPEL, ET AL.                                  CIVIL ACTION

                                                       No. 16-1070

                                                       SECTION "E"

*Related Case:*

IN RE: COUPEL, ET AL.                                  CIVIL ACTION

                                                       No. 16-1075

                                                       SECTION "E"

*Applies to:  Both Cases*

### ORDER AND REASONS

Before the Court is a motion *in limine* to preclude Allen Woodard from testifying at the show cause hearing on the motion for contempt filed by Appellee, Elie Kfoury.[1] The motion is opposed by the Appellants, Larry L. Coupel and Natalie A. Coupel.[2]

The Coupels listed Woodard on their Witness List for the contempt hearing. Kfoury argues the Coupels intend to elicit testimony from Woodard to "improperly attack" the 2009 state court judgment finding that Kfoury possesses a predial servitude consisting of a right of passage over the property owned by the Coupels. Stated differently, Kfoury believes Woodard's testimony "will be offered in an improper attempt to attack Kfoury's ownership of the property that [] has already [been] litigated by the parties and ruled upon."[3]

In response, the Coupels represent that they intend to call Woodard to "testify regarding his discussions and interactions with Mr. Coupel that are germane to the

[1] No. 16-1070, R. Doc. 29; No. 16-1075, R. Doc. 31.
[2] No. 16-1070, R. Doc. 34; No. 16-1075, R. Doc. 36.
[3] No. 16-1070, R. Doc. 29-1 at 1; No. 16-1075, R. Doc. 31-1 at 1.

allegations raised and asserted by Kfoury in his Motion for Contempt."[4] According to the Coupels, Woodard "prepared a document (i.e., a Survey) for Mr. Coupel and had discussions with Mr. Coupel regarding same that apparently have had an effect with respect to Mr. Coupel's *mens* in regard to the Order of the Bankruptcy Court."[5]

The Court finds the motion *in limine* should be granted. The Coupels seek to have Woodard testify with respect to Mr. Coupel's intent and state of mind in denying Kfoury access to the predial servitude. Such testimony is irrelevant to whether the Coupels should be held in civil contempt for their conduct. To show that civil contempt is warranted, the moving party must establish: "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order."[6] "Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order."[7] Woodard's testimony, which the Coupels admit is useful only to show Mr. Coupel's state of mind in denying Kfoury access to the servitude, is irrelvant to the issues that will be decided at the civil contempt hearing.

Accordingly;

**IT IS ORDERED** that the motion *in limine* is **GRANTED**, and Allen Woodard is precluded from testifying at the hearing on Kfoury's motion for contempt.

---

[4] No. 16-1070, R. Doc. 34 at 1; No. 16-1075, R. Doc. 36 at 1.

[5] No. 16-1070, R. Doc. 34 at 1; No. 16-1075, R. Doc. 36 at 1.

[6] *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

[7] *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2016 WL 3647659, at *3 (N.D. Tex. Mar. 28, 2016) (citing *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987)). "[I]ntent is not an element in civil contempt matters. Instead, the basic rule is that all orders and judgment sof courts must be complied with promptly." *In re Unclaimed Freight of Monroe, Inc.*, 244 B.R. 358, 366 (Bankr. W.D. La. 1999). *See also In re Norris*, 192 B.R. 863, 873 (Bankr. W.D. La. 1995) ("Intent is not an element of civil contempt."); *In re Layer*, No. 06-306, 2007 WL 2229624, at *9 (Bankr. N.D. Tex. July 31, 2007).

New Orleans, Louisiana, this 11th day of July, 2016.

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**