# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: COUPEL, ET AL. | CIVIL ACTION |
| | No. 16-1070 |
| | SECTION "E" |
| *Related Case:* | |
| IN RE: COUPEL, ET AL. | CIVIL ACTION |
| | No. 16-1075 |
| *Applies to:  Both Cases* | SECTION "E" |

## ORDER AND REASONS

These matters come before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Louisiana. Larry L. Coupel and Natalie A. Coupel ("the Coupels") appeal two, related orders of the Bankruptcy Court, the first of which was issued on January 21, 2016,[1] and the second on January 26, 2016.[2] Specifically, the Coupels appeal that portion of the Bankruptcy Court's order granting Elie Kfoury's ("Kfoury") motion and determining the automatic stay does not apply to the post-bankruptcy petition state court proceedings. The Coupels also appeal the Bankruptcy Court's order denying their motion for contempt against Kfoury for his violation of the automatic stay. This Court **AFFIRMS** both orders.

## FACTUAL & PROCEDURAL BACKGROUND

The facts from which these matters arise are not in dispute. Kfoury and the Coupels own adjacent tracks of land in Ascension Parish. Kfoury's property is land-locked, with

---

[1] *In re Coupel*, No. 10-13429, R. Doc. 179 (E.D. La. Bankr.).
[2] *In re Coupel*, No. 10-13429, R. Doc. 182 (E.D. La. Bankr.).

1

the nearest access to a public road being across the Coupels' property. In August of 2008, Kfoury filed suit against the Coupels in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, under Case No. 31,161,[3] to (1) resolve an ongoing boundary dispute between the parties, (2) recognize, in favor of Kfoury, a predial servitude over an oil-field service road traversing the Coupels' property to provide Kfoury access to a public highway, and (3) require the Coupels to provide Kfoury a key to the gate blocking access to the oil-field service road.

The parties reached a settlement, and on July 20, 2009, the 23rd Judicial District Court entered judgment in Case No. 31,161 memorializing the settlement.[4] The judgment, *inter alia*, (1) granted Kfoury a right of passage over the Coupels' property, and (2) recognized that Kfoury possessed a real right of passage.[5] Notwithstanding the fact that the judgment was the result of a settlement, the Coupels appealed. The judgment was upheld by the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court.[6]

On September 18, 2010, the Coupels filed a voluntary petition for relief in the United States Bankruptcy Court for the Eastern District of Louisiana pursuant to Chapter 13 of the United States Bankruptcy Code.[7] The plan filed by the Coupels was confirmed on December 22, 2010.

On November 2, 2011, after the commencement of the Coupels' bankruptcy case, Kfoury filed a petition for injunctive relief and for contempt of court in the 23rd Judicial District Court in Ascension Parish, docketed as Case No. 33,329.[8] According to Kfoury,

---

[3] *See In re Coupel*, No. 10-13429, R. Doc. 160-1 at 1–3 (E.D. La. Bankr.).
[4] *Id.*
[5] *Id.*
[6] *Id.* at 14–23.
[7] *In re Coupel*, No. 10-13429, R. Doc. 1 (E.D. La. Bankr.).
[8] *In re Coupel*, No. 10-13429, R. Doc. 160-1 at 25–27 (E.D. La. Bankr.).

2

after the Coupels filed for bankruptcy they began interfering with the real right of passage recognized in Kfoury's favor by the July 20, 2009 state court judgment.[9] Kfoury's petition for injunctive relief stated, in part: "Until recently, [Kfoury] and his representatives were able to use the right of passage without interference."[10] The recent, post-bankruptcy interference included digging a culvert across the oil-field service road, thereby preventing Kfoury from accessing his land via the right of passage, and changing the locks on the gate blocking access to the service road.[11] Kfoury sought a preliminary injunction from the 23rd Judicial District Court preventing the Coupels from interfering with or impeding the right of passage recognized in his favor by the July 20, 2009 judgment.[12] Kfoury also sought to hold the Coupels in contempt of court and requested a judgment against the Coupels for all of his damages, fees, and costs as a result of the Coupels' post-bankruptcy interference with the right of passage.[13]

On December 7, 2011, the 23rd Judicial District Court granted injunctive relief to Kfoury in Case No. 33,329, enjoining the Coupels from impeding or interfering in any way with Kfoury's right of passage over and through the Coupels' property as contemplated in the final judgment dated July 20, 2009, in Case No. 31,161.[14] The court awarded Kfoury the damages, costs, and attorneys' fees requested in his petition for injunctive relief.[15]

---

[9] *Id.* at 26.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 26–27.
[13] *Id.*
[14] *Id.* at 34–35.
[15] *Id.* Kfoury has not recovered any damages, costs, or fees pursuant to this judgment.

3

On April 2, 2012, the Coupels filed a motion in Case No. 33,329 for a stay of the December 7, 2011 judgment in favor of Kfoury.[16] The motion was based on the automatic stay provision of 11 U.S.C. § 362(a),[17] which provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.[18]

---

[16] *In re Coupel*, No. 10-13429, R. Doc. 160-1 at 41–42.
[17] *Id.*
[18] 11 U.S.C. § 362(a).

On April 18, 2012, the state court ruled in Case No. 33,329 that Section 362(a) does not apply to the December 7, 2011 judgment entered in that case, insofar as the judgment granted Kfoury injunctive relief.[19] The state court found, however, that Section 362(a) does apply to the monetary portions of the December 7, 2011 judgment.[20] The court thus granted the Coupels' motion to stay but only insofar as the Coupels sought to prevent Kfoury from enforcing the monetary portions of the December 7, 2011 judgment. Case No. 33,329, which includes (1) Kfoury's November 2, 2011 petition for injunctive relief, (2) the December 7, 2011 state court judgment granting Kfoury injunctive relief, and (3) the Coupels' April 2, 2012 motion for stay, is referred to hereinafter as the "post-bankruptcy petition state court proceedings."

At some time after the bankruptcy proceedings commenced but prior to November 13, 2015, the Coupels put locks on the gate thereby blocking access to the oil-field serve road. On November 13, 2015, representatives of Kfoury, along with sheriff's deputies, broke the locks on the gate.[21]

On November 25, 2015, the Coupels filed a motion for contempt against Kfoury in their bankruptcy proceeding, seeking sanctions for Kfoury's alleged violation of the automatic stay under Section 362(a) when he filed his November 2, 2011 petition for injunctive relief in the post-bankruptcy petition state court proceedings. The Coupels also sought damages, costs, and attorneys' fees.[22] The Coupels argued (1) Kfoury knowingly and willfully violated the automatic stay under Section 362(a) by seeking to enforce the

---

[19] *In re Coupel*, No. 10-13429, R. Doc. 160-1 at 41–42 (E.D. La. Bankr.).
[20] *Id.*
[21] *In re Coupel*, No. 16-1070, R. Doc. 5 at 11 (E.D. La.). Similar documents are filed in Case No. 16-1075, but the Court refers only to Case No. 16-1070 and the documents therein for convenience.
[22] *In re Coupel*, No. 10-13429, R. Doc. 152 (E.D. La. Bankr.).

July 20, 2009 state court judgment; and (2) Kfoury exercised control, post-petition, over property in the Coupels' bankruptcy estate.

On December 29, 2015, Kfoury filed a motion in the Coupels' bankruptcy proceeding for a determination that the automatic stay does not apply to the post-bankruptcy petition state court proceedings.[23]

On January 19, 2016, the Bankruptcy Court heard oral argument on the Coupels' motion for contempt and Kfoury's motion for a determination the automatic stay does not apply.[24] On January 21, 2016, the Bankruptcy Court issued an order denying the Coupels' motion for contempt. On January 26, 2016, the Bankruptcy Court granted Kfoury's motion insofar as it requested a determination that the automatic stay does not apply to the post-bankruptcy petition state court proceedings, but denied Kfoury's motion to the extent it requested that the Bankruptcy Court award damages, costs, and attorneys' fees. The Bankruptcy Court noted such relief is subject to the automatic stay.

The Coupels appeal both orders of the Bankruptcy Court.[25] With respect to the January 26, 2016 order, however, the Coupels appeal only insofar as the Bankruptcy Court determined the automatic stay does not apply to the post-bankruptcy petition state court proceedings. The Coupels do not appeal the Bankruptcy Court's denial of damages, costs, and attorneys' fees to Kfoury.[26]

## STANDARD OF REVIEW

In bankruptcy appeals, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: A bankruptcy

---

[23] *In re Coupel*, No. 10-13429, R. Doc. 160 (E.D. La. Bankr.).
[24] *In re Coupel*, No. 10-13429, R. Doc. 201 (E.D. La. Bankr.).
[25] *In re Coupel*, No. 16-1070, R. Doc. 1 (E.D. La.); *In re Coupel*, No. 16-1075, R. Doc. 1 (E.D. La.).
[26] Neither did Kfoury appeal this order.

court's findings of fact are reviewed for clear error and its conclusions of law de novo. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004); *Century Indem. Co. v. NGC Settlement Trust (In re Nat'l Gypsum Co.),* 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). *See also Matter of Missionary Baptist Found. of. Am., Inc.*, 712 F.2d 206, 209 (5th Cir. 1983) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Mixed questions of law and fact are reviewed de novo. *In re Nat'l Gypsum Co.*, 208 F.3d at 504.

## **DISCUSSION**

As stated above, the Coupels appeal (1) the Bankruptcy Court's order determining the automatic stay pursuant to Section 362(a) does not apply to the post-bankruptcy petition state court proceedings, and (2) the Bankruptcy Court's order denying the Coupels' motion for contempt. The Court considers each ruling, in turn, below.

**I.    Kfoury's Motion to Determine the Automatic Stay Does Not Apply**

The Bankruptcy Court granted Kfoury's motion insofar as it sought a determination the automatic stay provision of Section 362(a) does not apply to the post-bankruptcy petition state court proceedings.[27] The Bankruptcy Court found, however, the automatic stay does apply to the extent Kfoury seeks to collect damages, fees, or costs from the Coupels.[28] The Bankruptcy Court thus concluded Kfoury has the right (1) to enforce the July 20, 2009 judgment recognizing the real right of passage, and (2) to

---

[27] *In re Coupel*, No. 10-13429, R. Doc. 182 (E.D. La. Bankr.).
[28] *Id.*

enforce the related post-petition judgments in the post-bankruptcy petition state court proceedings.[29]

### A. Standard of Review

Whether the automatic stay applies to the post-bankruptcy petition state court proceedings is a question of law, which the Court reviews de novo.[30]

### B. Analysis

On appeal, the Coupels argue the Bankruptcy Court erred in finding the post-bankruptcy petition state court proceedings did not violate Section 362(a)'s automatic stay provisions. According to the Coupels, the post-bankruptcy petition state court proceedings in which Kfoury sought injunctive relief against the Coupels "comprised nothing more than an action by Kfoury to enforce a judgment against the Coupels that Kfoury obtained prior to the commencement of the Coupels' Chapter 13 bankruptcy case."[31] The Coupels argue, because the post-bankruptcy petition state court proceedings, in reality, sought enforcement of a pre-petition judgment in which he was awarded a right of passage over the Coupels' property, the post-bankruptcy petition state court proceedings were automatically stayed pursuant to the express provisions of Section 362(a).

In response, Kfoury argues his right of passage over the Coupel's property arose by operation of law and was merely recognized by the July 20, 2009 judgment.[32] Thus,

---

[29] *Id.*
[30] *See, e.g., Cash Am. Advance, Inc. v. Prado*, 413 B.R. 599, 604 (S.D. Tex. 2008) ("The Court now turns to whether the Bankruptcy Court erred, as a matter of law, in finding that the automatic stay provisions of section 362(a) preclude Cash America from placing Prado's merchandise in its store inventory . . . . Given that the determinative facts are undisputed, the Court's review is *de novo*."); *In re Babcock & Wilcox Co.*, No. Civ.A. 00-3408, 2001 WL 536305, at *2 (E.D. La. May 18, 2001).
[31] *In re Coupel*, No. 16-1070, R. Doc. 5 at 13 (E.D. La.).
[32] *In re Coupel*, No. 16-1070, R. Doc. 6 at 7 (E.D. La.).

8

Kfoury contends the post-bankruptcy petition state court proceedings in which he sought to enforce the right of passage did not involve actions to enforce a pre-petition award, *per se*, as the July 20, 2009 judgment did not award Kfoury a right of passage but, instead, only recognized in his favor a right of passage that took effect by operation of law. Stated differently, Kfoury argues the post-bankruptcy petition state court proceedings were intended not to enforce a pre-petition judgment but to force the Coupels to comply with Louisiana law, which recognizes a predial servitude right of passage in Kfoury's favor. Kfoury also argues, because the right of passage arose in his favor by operation of law, the post-bankruptcy petition state court proceedings in which Kfoury sought to enforce the right of passage against the Coupels did not affect property in the Coupels' bankruptcy estate such that the automatic stay under Section 362(a) applied.

Subsections (1), (2), (3), and (6) of Section 362(a) are relevant in this case. These subsections provide the filing of a petition in bankruptcy operates as a stay of:

> (1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [and]
>
> \*\*\*
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

9

1. Section 362(a)(1)

Section 362(a)(1) applies to proceedings that were or could have been initiated before the commencement of the debtor's bankruptcy proceedings. In the post-bankruptcy petition state court proceedings, Kfoury sought to enjoin the Coupels from impeding or interfering with the real right of passage over the Coupels' property, which was recognized in Kfoury's favor on July 20, 2009. The basis for the injunctive relief sought by Kfoury was actions taken by the Coupels after the commencement of their bankruptcy proceedings which interfered with Kfoury's enjoyment of the right of passage. For example, Kfoury argued in support of the injunction that, after entering bankruptcy, the Coupels dug a culvert across the oil-field service road such that Kfoury was unable to use the road to access his property. Also, the Coupels, post-bankruptcy, changed the locks on a gate at the entrance to the service road, thereby preventing Kfoury from using the road and, thus, interfered with his right of passage. Because these actions were taken by the Coupels subsequent to the commencement of their bankruptcy proceedings, Kfoury could not have sought to remedy those actions prior to the Coupels' entering bankruptcy. That is, the actions underlying the post-bankruptcy petition state court proceedings in which Kfoury sought injunctive relief arose post-bankruptcy. As a result, Kfoury could not have initiated the post-bankruptcy petition state court proceedings prior to the commencement of the Coupels' bankruptcy proceedings. The Court finds the automatic stay under Section 362(a)(1) does not prohibit the post-bankruptcy state court proceedings insofar as Kfoury sought a determination that the stay provisions did not apply.

2.  Section 362(a)(2)

Section 362(a)(2) operates to stay the enforcement of judgments obtained against a debtor or the debtor's property prior to the commencement of the debtor's bankruptcy proceedings. Having considered the parties' briefs and the applicable law, the Court finds the post-bankruptcy petition state court proceedings did not violate the automatic stay under Section 362(a)(2). In the post-bankruptcy petition state court proceedings, Kfoury sought the enforcement of a real right of passage recognized in his favor by the 23rd Judicial District Court on July 20, 2009. Although Kfoury's right of passage was recognized in a state court judgment prior to the commencement of the Coupels' bankruptcy proceedings, Kfoury's right of passage was not obtained by virtue of that pre-petition judgment.

Kfoury's right of passage over the Coupels' property is a predial servitude, which is defined under Louisiana law as a charge on a servient estate for the benefit of a dominant estate. A right of passage, specifically, is a predial servitude that permits the owner of the dominant estate passage through the servient estate. La. Civ. Code arts. 646, 699, 705. Article 689 of the Louisiana Civil Code permits the owner of land-locked property with no access to a public road, *i.e.*, the dominant estate, to claim a right of passage over neighboring property, the servient estate, to the nearest public road. A right of passage under article 689 exists by operation of law. *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 334 (5th Cir. 2008). Because Kfoury's right of passage over the Coupels' property came into existence by operation of law, Kfoury did not obtain the right of passage via the July 20, 2009 state court judgment. Instead, the July 20th pre-bankruptcy judgment merely recognized a right vested in Kfoury's property by operation of law, the enforcement of which the Court finds is not covered by the automatic stay under Section

362(a)(2). The post-bankruptcy petition state court proceedings in which Kfoury sought to enforce the right of passage did not involve actions to enforce a pre-petition judgment in the sense contemplated by Section 362(a)(2).

    3.     Section 362(a)(3)

Section 362(a)(3) imposes an automatic stay on all post-petition acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. "Section 362(a)(3) thus implements a stay of any action, whether against the debtor or third parties, that seeks to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987). Kfoury sought the enforcement of a real right of passage over the Coupels' property in the post-bankruptcy petition state court proceedings. Having considered the parties' briefs and the applicable law, the Court finds the post-bankruptcy petition state court proceedings in which Kfoury sought to enforce a real right of passage over the Coupels' property did not involve actions to obtain or exercise control over the property of the Coupels as contemplated by Section 362(a)(3).

A real right of passage is a predial servitude, which is defined as a charge on the servient estate for the benefit of the dominant estate. The right of passage in this case is a charge on the Coupels' property, the servient estate, for the benefit of Kfoury's property, the dominant estate. Under Louisiana law, a predial servitude runs with the land and is inseparable from the dominant estate. *Textron Fin. Corp. v. Retif Oil & Fuel, LLC*, 342 F. App'x 29, 33 (5th Cir. 2009); *Hailey v. Panno*, 472 So. 2d 97, 99–100 (La. Ct. App. 1985). A servitude, or real right of passage, does not belong to the owner of the dominant estate but, instead, to the dominant estate itself. The right of passage at issue in this case arose by operation of law under Louisiana Civil Code article 689, as Kfoury's property is land-

locked with no access to a public road. Because the nearest access to a public road is an oil-field service road that traverses the Coupels' property, Kfoury's property benefits from a real right of passage across the Coupel's property via the service road by operation of law. Kfoury's attempt to enforce this right of passage against the Coupels in the post-bankruptcy petition state court proceedings was not an action to obtain or exercise control over the Coupels' property, as the right of passage was a real right vested in Kfoury's property, not the Coupels' property, by operation of law. As a result, the post-bankruptcy petition state court proceedings in which Kfoury sought to enforce the right of passage were not subject to the automatic stay under 362(a)(3).

    4.    <u>Section 362(a)(7)</u>

Section 362(a)(7) imposes an automatic stay of any act to collect, assess, or recover a claim against the debtor arising before the commencement of the debtor's bankruptcy case. The post-bankruptcy petition state court proceedings included an attempt by Kfoury to "recover a claim" against the Coupels, as Kfoury sought a judgment from the 23rd Judicial District Court awarding damages, fees, and costs against the Coupels. The claim for which Kfoury sought recovery in the post-bankruptcy petition state court proceedings, however, did not arise before the commencement of the Coupels' bankruptcy proceedings. Thus, the automatic stay under Section 362(a)(7) did not apply to the post-bankruptcy petition state court proceedings in which Kfoury sought damages, fees, and costs.

As noted above, the post-bankruptcy petition state court proceedings were necessitated by actions taken by the Coupels subsequent to the commencement of their bankruptcy case. Kfoury's allegations in the post-bankruptcy petition state court proceedings were that, "until recently, [he] and his representatives were able to use the

right of passage without interference."[33] Kfoury also argued, "sometime in 2011, after the Petition Date," the Coupels dug a culvert across the oil-field service road such that Kfoury was unable to use the road to access his property.[34] Also, according to Kfoury, the Coupels, post-bankruptcy, changed the locks on a gate at the entrance to the service road, thereby preventing Kfoury from using the road and, thus, the right of passage. The 23rd Judicial District Court granted Kfoury injunctive relief in the post-bankruptcy petition state court proceedings, and awarded Kfoury damages, attorneys' fees, and costs. Kfoury only requested damages, fees, and costs for actions taken by the Coupels post-bankruptcy.[35] The Court finds the post-bankruptcy petition state court proceedings were not automatically stayed under Section 362(a)(7), as the claims for which Kfoury was awarded monetary relief arose as a result of actions taken by the Coupels subsequent to the commencement of their bankruptcy case.

    5.    <u>Policy Behind the Automatic Stay</u>

More generally, the Court finds support for its decision by looking to the purposes of the automatic stay under Section 362(a), which "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). The post-bankruptcy petition state court proceedings in which Kfoury sought to enforce a real right of passage benefiting his property did not run contrary to any of the purposes behind the automatic stay afforded to debtors under Section 362(a). Because the real right of passage arose by operation of

---

[33] *In re Coupel*, No. 10-13429, R. Doc. 160-1 at 26 (E.D. La. Bankr.).
[34] *In re Coupel*, No. 10-13429, R. Doc. 160 at 6 (E.D. La. Bankr.).
[35] *In re Coupel*, No. 10-13429, R. Doc. 160-1 at 27. Moreover, although Kfoury was awarded monetary relief by the state court, Kfoury has not sought to collect any monetary damages from the Coupels, and Kfoury represents he does not plan to do so.

law, Kfoury's post-bankruptcy petition state court action to enforce his real right was intended to require the Coupels to comply with the law and did not run afoul of the policy of protecting the Coupels' assets. In addition, as discussed above, Kfoury requested and was awarded damages, fees, and costs by the 23rd Judicial District Court only in connection with the post-petition actions of the Coupels. Thus, the post-bankruptcy petition state court actions did not deplete the Coupels' bankruptcy estate or any assets therein, the protection of which is a fundamental goal of Section 362(a)'s automatic bankruptcy stay provisions.

## II.     The Coupels' Motion for Contempt

The Coupels appeal the Bankruptcy Court's denial of their motion for contempt and sanctions against Kfoury. The Coupels argued Kfoury violated the automatic stay by pursuing the post-bankruptcy petition state court proceedings against the Coupels. Therefore, the Coupels sought an order from the Bankruptcy Court holding Kfoury in contempt of court for violating the automatic stay under Section 362(a). As stated above, however, the Bankruptcy Court found the automatic stay did not apply to the post-bankruptcy petition state court proceedings insofar as Kfoury sought to enforce the right of passage, and as a result Kfoury did not violate the automatic stay. Because the Bankruptcy Court concluded Kfoury did not violate the automatic stay, the Bankruptcy Court denied the Coupels' motion for contempt. This Court reaches the same conclusion. The Coupels' motion for contempt against Kfoury for violating the automatic stay is effectively mooted because the Court has concluded Kfoury did not violate the automatic stay.

## **CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's January 21, 2016 order denying the Coupels' motion for contempt, and January 26, 2016 order granting in part Kfoury's motion to determine the automatic stay does not apply.

**New Orleans, Louisiana, this 25th day of August, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**